UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-7286 PA (JCx) | Date | June 04, 2012 |
|---|---|---|---|
| Title | Felizabeth Escuadro v. JPMorgan Chase Bank, N.A., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:**     IN CHAMBERS - COURT ORDER

Before the Court is a Motion to Dismiss the Second Amended Complaint (the "SAC") filed by defendant Bank of America, N.A. ("Defendant"). [Docket No. 16.] Plaintiff Felizabeth Escuadro ("Plaintiff") has filed an Opposition. Pursuant to Federal Rule of Civil Procedure 78 and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for June 04, 2012 is vacated, and the matter taken off calendar.

I.     Factual & Procedural Background

On July 19, 2005, Plaintiff obtained a loan from Washington Mutual Bank, secured by a deed of trust (the "Deed of Trust") to the property located at 5701 Kiyot Way #7, Los Angeles, California 90094 (the "Property"). The Deed of Trust named Chase as the mortgage servicer. In addition to executing the Deed of Trust, Plaintiff also executed a Promissory Note (the "Note") memorializing the loan. In late 2009, Plaintiff, experiencing financial difficulty, initiated an application for a loan modification with Defendants. After a trial period and various related efforts to negotiate a modification, Plaintiff's application was denied.

On January 15, 2011, Chase (as successor in interest to Washington Mutual Bank) executed an Assignment of Deed of Trust (the "Assignment"), purporting to assign its beneficial interest in the Property, Deed of Trust and Note to Bank of America. That same day, California Reconveyance Company, as foreclosure trustee, executed a Notice of Default and Election to Sell Under Deed of Trust. A Notice of Trustee's Sale was recorded by California Reconveyance Company on April 20, 2011, with the sale to take place on May 16, 2011.

Plaintiff filed this action on September 2, 2011. On November 9, 2011, Plaintiff filed a First Amended Complaint amending her original Complaint as a matter of right. The Court dismissed that Complaint on February 22, 2012. Plaintiff filed her Second Amended Complaint ("SAC") on March 12, 2012, naming only Bank of America, N.A. as a defendant, and alleging a single cause of action for violation of § 1641(g) of the Truth in Lending Act. Defendant now moves to dismiss the SAC for failure to state a claim. Having considered the parties' submissions, and for the reasons that follow, the Court denies Defendant's Motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-7286 PA (JCx) | Date | June 04, 2012 |
|---|---|---|---|
| Title | Felizabeth Escuadro v. JPMorgan Chase Bank, N.A., et al. | | |

II.  Legal Standard

Federal Rule of Civil Procedure 12(b)(6) allows for dismissal of a complaint for "failure to state a claim upon which relief can be granted."  In order to survive a Rule 12(b)(6) motion, typically a complaint need only give "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "All allegations of material fact are taken as true and construed in the light most favorable to the plaintiff."  In re Stac Elecs. Sec. Litig., 89 F.3d 1399, 1403 (9th Cir. 1996) (quoting In re Wells Fargo Sec. Litig., 12 F.3d 922, 925 (9th Cir. 1993)).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  Id. (citations omitted).

III.  Analysis: § 1641(g) of the Truth in Lending Act

Plaintiff brings a claim against Defendant for violation of § 1641(g) of the Truth in Lending Act ("TILA"), which requires certain disclosures be made by "the creditor that is the new owner or assignee of the debt" to a borrower within thirty days of a sale, transfer or assignment of the borrower's mortgage loan.  Bank of America is the beneficial owner of Plaintiff's mortgage by assignment, and Plaintiff alleges that Bank of America failed to provide the required disclosures required by § 1641(g).  (SAC ¶¶ 21-27.)  Consistent with the statute, Plaintiff seeks actual damages, statutory damages and attorney's fees.

Defendant points out that it was assigned the beneficial interest in the Deed of Trust as acting trustee of a pool of mortgage-backed securities.  Defendant argues that Plaintiff's TILA claim should be dismissed because TILA does not apply to trustees of such "loan pools."  (Motion to Dismiss at 4.)  Defendant provides no reasoning to support this conclusion; instead, Defendant cites to three district court cases without explanation.  (See id.)  The Court will address these cases in turn.

Defendant's reliance on Brooks v. ComUnity Lending, Inc., 2010 U.S. Dist. LEXIS 67115 (N.D. Cal. July 6, 2010), is puzzling.  That case explains that § 1631 of TILA, which mandates that the originator of a loan make certain disclosures, does not impose any duties on assignees or trustees.  Id. at *29.  Brooks says nothing about the situation presented here:  the duties under § 1641(g) of an assignee of a deed of trust – whether or not that assignee also acts as trustee for a pool of mortgage-backed securities.

Defendant cites also to Salmo v. PHH Mortg. Corp., 2011 U.S. Dist. LEXIS 76448 (C.D. Cal. July 11, 2011), and Wilson v. Wells Fargo Bank, 2011 U.S. Dist. LEXIS 86611 (N.D. Cal. Aug. 5, 2011), which state that "a trustee is not a creditor as defined by TILA."  Salmo, 2011 U.S. Dist. LEXIS 76488, at *7; Wilson, 2011 U.S. Dist. LEXIS 86611, at *5.  As Plaintiff points out, these cases lack

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-7286 PA (JCx) | Date | June 04, 2012 |
|---|---|---|---|
| Title | Felizabeth Escuadro v. JPMorgan Chase Bank, N.A., et al. | | |

analysis and rely primarily on Hargis v. Washington Mutual Bank, 2011 U.S. Dist. LEXIS 17454 (N.D. Cal. Feb. 22, 2011).

Hargis is inapposite, dealing as it does with a TILA claim asserted against *the trustee of a deed of trust* (often called the "foreclosure trustee"), not, as here, the trustee of a pool of mortgage-backed securities. Id. at 2. "Under California law, the trustee of a deed of trust has no beneficial interest in the mortgage associated with the deed of trust." Vogan v. Wells Fargo Bank, N.A., 2011 U.S. Dist. LEXIS 132944, at *9 (E.D. Cal. Nov. 16, 2011) (citing Heritage Oaks Partners v. First Am. Title Ins. Co., 66 Cal. Rptr. 3d 510, 514 (Ct. App. 2007)). The only duties of the trustee of a deed of trust are "(1) to foreclose the deed of trust upon default, or (2) when the secured debt is satisfied to convey the deed of trust to the borrower." Id. at *10 (citing Heritage Oaks, 66 Cal App. at 514). "Due to the limited duties and lack of beneficial interest assigned to the trustee of a deed of trust, federal courts in California hold that TILA does not apply to the trustee of a deed of trust." Id. (citing Guerrero v. Citi Residential Lending, Inc., 2009 U.S. Dist. LEXIS 34415, at *4 (E.D. Cal. Apr. 3, 2009)).

Defendant is not the trustee of the Deed of Trust as described in Heritage Oaks and Hargis.[1] Rather, "all beneficial interest under" the Deed of Trust was "assign[ed] and transfer[red] to [Defendant] . . . as trustee for WAMU 2005-AR12." (See Def.'s Request for Judicial Notice, Ex. C ("Assignment of Deed of Trust").) Accordingly, Defendant can (and does) claim a beneficial interest in the Deed of Trust, and has a right to payments made upon the mortgage and "the right to have conveyed, in whole or in part, the real property described" in the Deed of Trust. (Id.)

Thus, Defendant, like the Courts in Salmo and Wilson, "conflate[] the trustee of a deed of trust with other types of trustees." Vogan, 2011 U.S. Dist. LEXIS 132944, at *11. Indeed, as the Court in Vogan reasoned, "[t]he trustee of a deed of trust is exempt from TILA because of its limited role under California law[.] [However, a] traditional trustee holds title to trust property and is responsible for omissions related to the administration of that property. Exempting all trustees from TILA would permit trusts acting as lenders to completely evade TILA's provisions." Id. at *11-12 (citing Restatement (2d) of Trusts § 261).

The securitization and pooling of mortgages is an exceedingly common but procedurally complex practice subject to many potential inaccuracies. To accept Defendant's reading of TILA would exempt lenders and assignees who, acting as trustees of the loan pools, claim beneficial interest in the mortgages and initiate foreclosure on them upon a borrower's default, from disclosing important information to the many mortgagees whose loans have been securitized and assigned. There is nothing in the language of TILA to justify such a broad loophole to its provisions. Moreover, Defendant's reading would conflict with the established policy of "constru[ing] [TILA's] provisions liberally in favor of the consumer" in order to effectuate TILA's purpose of informing and protecting borrowers from inaccurate and unfair lending practices. McDonald v. Checks-N-Advance, Inc., 539 F.3d 1186, 1189 (9th Cir. 2008) (citation omitted). The Court thus declines to follow Salmo and Wilson and

---

[1] That entity is California Reconveyance Company.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-7286 PA (JCx) | Date | June 04, 2012 |
|---|---|---|---|
| Title | Felizabeth Escuadro v. JPMorgan Chase Bank, N.A., et al. | | |

instead finds the reasoning of Vogan persuasive and consistent with TILA's broad remedial purposes.

      Whatever Defendant's relationship to an undisclosed group of investors with unstated interests in a pool of mortgage-backed securities of which the Deed of Trust is supposedly a part, Defendant is nonetheless also the beneficial owner by assignment of the Deed of Trust. Plaintiff alleges that Defendant failed to provide her the disclosures required by § 1641(g) of TILA within 30 days of that assignment. Accordingly, Plaintiff states a claim against Defendant.

## Conclusion

      For the foregoing reasons, Defendant's Motion to Dismiss the SAC is denied. Defendant shall respond to the Complaint no later than June 11, 2012.

      IT IS SO ORDERED.